JOSEPH PALMER v. FIRST BANK OF ULYSSES.

FILED DECEMBER 19, 1899. No. 9,073.

1. **Instructions: ASSIGNMENTS OF ERROR.** Error in regard to giving or refusing to give instructions must be separately assigned in the motion for a new trial and petition in error. See *Graham v. Frazier*, 49 Nebr., 90.

2. ———: ———. An assignment of error that the verdict is contrary to an instruction, if not presented by the motion for a new trial, is not available on error to this court.

3. **Ruling on Motion.** A motion which can not be sustained substantially as made must be overruled.

4. **Ruling on Evidence: OBJECTION: REVIEW.** Alleged errors in the admission of testimony can not prevail if, during the trial, there was no objection made to the introduction of said testimony.

5. ———: ASSIGNMENTS OF ERROR. An assignment of error of the action of the trial court in refusing to strike out testimony should specifically designate the portion of the record to which it is sought to challenge attention.

6. ———: SALE OF LAND: CONTENTS OF LETTER. Alleged errors in regard to the admissions of testimony examined, and determined not well grounded.

**7. Conveyance of Land as Security for Debt:** SALE BY GRANTEE: ACTION BY GRANTOR FOR ACCOUNTING: VERDICT FOR DEFENDANT. The evidence determined sufficient to sustain the verdict.

ERROR from the district court of Butler county. Tried below before BATES, J.   *Affirmed.*

*Matt Miller*, for plaintiff in error.

*A. J. Evans* and *Sheesley & Aldrich*, contra.

HARRISON, C. J.

For the plaintiff there was commenced this action in the district court of Butler county, and in the petition presented it was pleaded that on or about February 5, 1894, he was and became indebted to the defendant in certain stated sums, and to evidence each item of said indebtedness he executed and delivered to the defendant his promissory note; also, that he was then the owner of a half section of land in Butler county, which, as security for the payment of the sums he owed defendant, he caused to be conveyed to defendant by deed, or to its cashier for it, 'the understanding being that, if the notes were not paid at maturity, the cashier was authorized to sell the land for the sum of $11,500, subject to a mortgage of $7,000, and apply the proceeds of the sale to the satisfaction of the amount which plaintiff owed the defendant; that prior to the maturity of any of the aforesaid notes the cashier sold the land for a consideration of $11,600, from which was deducted the $7,000, the amount of an incumbrance on the land and to which it was sold subject, and applied the money received from the sale in payment of the matters of plaintiff's indebtedness to the bank, some taxes and interest, and paid to plaintiff the sum of $500. It was also pleaded that plaintiff had delivered to defendant for collection two promissory notes in his favor, in the aggregate $40, of which it had made the collection and had accounted for and paid to plaintiff but a part. For the aggregate of the sums alleged to be his due from the land sale, and

the collection, judgment was demanded. The answer of the defendant pleaded the indebtedness of the plaintiff to it in various sums; the transfer by deed to it of the land described in the petition; that such conveyance was by one George L. Smith, to whom it had been transferred by plaintiff as security for the payment of the debt of plaintiff to said Smith; that the last mentioned party held the land under an agreement that he was to manage it and to lease it, in all respects as if it belonged to him, to sell it if possible, and account to plaintiff in regard to all things which he might do of and concerning the land; that the bank loaned plaintiff a sufficient amount to pay his debt to Smith at the time the title to the land was conveyed by Smith to the cashier of the bank. It was further answered that, at the time the title to the land was transferred to the cashier of the defendant, it was agreed that he should, at the first opportunity to obtain a reasonable and fair price for the land, sell it, and any surplus of the purchase-money, after paying the incumbrances and expenses of sale, was to be paid to the plaintiff. A sale was pleaded, of which it was alleged the plaintiff was informed and of which he approved, and in the proceeds of which he shared. It was further answered that the defendant had fully accounted to plaintiff for all it had received from the sale of the land. Of the amounts derived from the collections which plaintiff had alleged as one cause of action, payment was pleaded. There was a reply which joined the issues. The trial resulted in a verdict and judgment for defendant. The plaintiff has removed the case to this court by petition in error.

It is urged that the trial court erred in its refusals to, in its charge to the jury, give instructions requested for the plaintiff. These were all grouped in one assignment in the motion for a new trial, and the refusal of the court as to one or more of them was without error; and this being true, the assignment must be overruled. See *Graham v. Frazier*, 49 Nebr., 90.

It is contended that the verdict of the jury was contrary to an instruction. This was not assigned for error in the motion for a new trial, and can not now be of any avail.

Of the evidence introduced was a written instrument, which was of date February 5, 1894, and read as follows:

"Article of agreement between Joseph Palmer and Geo. Dobson. Said Geo. Dobson agrees to deed to Joseph Palmer the N. E. ½ 30 and S. E. ¼ of sec. 19, T. 13, R. 2 east, when said Joseph Palmer shall cause to be paid three certain promissory notes in favor of First Bank of Ulysses when said notes become due. If said notes are not paid, then this agreement to be null and void and of no effect or force. Notes as below:

$1,090.54.    Dated February 5, '94, due April 5, '94.
   605.00.    Dated February 5, '94, due Mar. 5, '94.
1,029.25.    Dated February 5, '94, due June 5, '94.

"When said notes are paid, rent notes to go to J. Palmer."

This, it was and is asserted for plaintiff, was the only contract in regard to the land and its future disposal which was made or became of effect between the plaintiff and defendant at the time the title thereto was conveyed to the cashier of the latter, and it is argued, in the brief filed for plaintiff, that the trial court erred when it admitted, as it did during the trial, testimony of any other agreement in regard to any after-disposition to be made of the land by the cashier than was provided for in the written matter which we have just quoted. The plaintiff, in his petition, pleaded that when the notes which evidenced his debts to the bank matured, if not paid, the cashier was, by agreement of the time of the deed to him, authorized to then sell the land for the sum of $11,500, and apply the proceeds of the sale to the payment of the plaintiff's debts to the bank. The defendant also alleged the authority to the cashier to sell the land, but that the authority was to do so at any time after he acquired the title, and to continue as long

as he retained the title. The defendant also pleaded that there was no price fixed by the stipulation of the parties. Unquestionably, under the pleadings, the testimony relative to the agreement for the sale of the land was admissible.

Another argument is of an asserted error of the district court in the admission of some testimony in regard to what were known or referred to during the trial as "rent notes." To the question to which the brief refers there was no objection; and if any error was committed, it is not available.

One assignment of error is in the following terms: "The court erred in not sustaining plaintiff's motion to strike out the answer of witness George Lord where it states what their books show." This is too indefinite to call for notice or examination. It does not specifically point out any particular portion of the record by page, question or answer, and the argument in the brief is no more definite; but we find in the record a question and answer by the witness George Lord, and a motion to strike out the answer "as not responsive and not the best evidence." A portion of the answer was responsive to the question, and not open to the further objection of the motion. This being true, the motion could not be sustained to all the answer, and was properly overruled.

It is contended that the trial court should not have allowed testimony of any other than a cash sale of the land, and that it did so was error. If not admissible in any other connection, this testimony was entirely competent in conjunction with that of the approval of the sale by the plaintiff after he had been informed of it and its terms.

It is urged that a witness was allowed to state the contents of a letter, no sufficient foundation having been laid for the reception of such testimony. If it be conceded that there was no sufficient evidence shown to warrant the court in allowing the witness to detail the contents of the letter in his testimony, the plaintiff was

State v. Poynter.

not prejudiced, as he, in testifying, gave a similar state-ment in regard to the main subject-matter of the letter.

It is of the assignments argued that the evidence was insufficient to sustain the verdict. There was a conflict in the evidence upon the principal points of the issues, but there was sufficient in support of the verdict.

We have noticed all the assignments to which atten-tion was challenged in arguments, and it follows from what has been decided that the judgment must be

AFFIRMED.